# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CABRINA ROBERTSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5189** |
| **UNITED STATES COAST GUARD ET AL.** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. R. Doc. 9. Plaintiff has not responded. After reviewing the parties' briefs and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

Plaintiff Cabrina Robertson has filed this lawsuit on behalf of herself and her deceased son, Travon Robertson. R. Doc. 1 at 1. In May 2015, Travon was swimming at Grand Isle State Park and was drowned. R. Doc. 1 at 2-4. Plaintiff alleges that the Coast Guard could have sent a helicopter to rescue Travon but negligently did not send the helicopter until after Travon had drowned. R. Doc. 1 at 3-4. Plaintiff maintains that several negligent acts by the U.S. Coast Guard, including failure to maintain a proper chain of command resulted in Travon's death. R. Doc. 1 at 4-5. Plaintiff claims survival damages, damages for wrongful death, negligent infliction of emotional distress, funeral expenses, and costs of mental health treatment. R. Doc. 1 at 5-6.

Defendant answers denying all allegations and arguing that the U.S. Coast Guard and its officers are improper defendants. R. Doc. 7. Defendant argues that because Plaintiff's claims are brought under the Federal Tort Claims Act ("FTCA") the United States of America is the only proper defendant. R. Doc. 7 at 5. Further, Defendant alleges multiple affirmative defenses including: failure to state a claim upon which relief can be granted, comparative negligence bar

and/or reduction, the discretionary function exception to the FTCA, prescription, and lack of subject matter jurisdiction. R. Doc. 7 at 4-5.

## II. PRESENT MOTION

Defendant brings a motion to dismiss for lack of subject matter jurisdiction. R. Doc. 9. Defendant argues that, because the Plaintiff's claims are brought under the FTCA, Defendants U.S. Coast Guard and unidentified officers of the U.S. Coast Guard are improper parties. R. Doc. 9 at 1. Defendant alleges that "suits under the FTCA may only proceed against the United States as defendant," rather than against agencies of the government. R. Doc. 9 at 1. Furthermore, Defendant argues that such a lawsuit, against the United States, is the exclusive remedy for the Plaintiff's claim. R. Doc. 9 at 2. Plaintiff has not responded.

## III. LAW AND ANALYSIS

The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *See F.D.I. C. v. Meyer*, 510 U.S. 471 (1994); *McMahon v. United States*, 342 U.S. 25 (1951). Through the FTCA, the United States has waived immunity under certain circumstances. 28 U.S.C. §§ 1346(b), 2671–2780. The FTCA waives immunity and grants jurisdiction to the courts over claims "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)). The Government is liable for those tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. This Court must strictly construe this waiver of immunity and resolve all ambiguities in favor of the United States. *See, e.g.*, *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

In *Galvin v. Occupational Safety & Health Administration*, the Fifth Circuit held that the district court did not have jurisdiction over a lawsuit brought under the FTCA because the suit was brought against OSHA rather than the United States. 860 F.2d 181 (5th Cir. 1988). There, a mother brought suit against OSHA after her son was fatally injured by a conveyor belt at work. *Id.* at 182. The court reasoned that because the language of the FTCA makes a suit against the United States "the exclusive remedy for tort claims arising from the actions of government agencies or employees[,] an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* at 183; *see also Alex v. St. John the Baptist Parish Sheriff's Office*, 2017 WL 568824 (E.D. La. 2017) (holding that an agency or agency employee cannot be sued under the FTCA).

Here, Plaintiff has brought a claim against the U.S. Coast Guard and unidentified officers. This is not a claim against the United States itself. Therefore, under the FTCA, this Court lacks jurisdiction over the claim.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss, R. Doc. 9, is **GRANTED**.

New Orleans, Louisiana, this 20th day of October, 2017.

_____
UNITED STATES DISTRICT JUDGE