# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CABRINA ROBERTSON | CIVIL ACTION |
| VERSUS | NO. 17-5189 |
| UNITED STATES COAST GUARD ET AL. | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Plaintiff's Motion for Reconsideration. R. Doc. 12. Defendant responds in opposition. R. Doc. 13. After reviewing the parties' briefs and the applicable law, the Court issues this Order & Reasons.

### I.  BACKGROUND

Plaintiff Cabrina Robertson has filed this lawsuit against the United States Coast Guard and various unidentified officers of the Coast Guard on behalf of herself and her deceased son, Travon Robertson. R. Doc. 1 at 1. In May 2015, Travon was swimming at Grand Isle State Park and was drowned. R. Doc. 1 at 2-4. Plaintiff alleges that the Coast Guard could have sent a helicopter to rescue Travon but negligently did not send the helicopter until after Travon had drowned. R. Doc. 1 at 3-4. Plaintiff maintains that several negligent acts by the U.S. Coast Guard, including failure to maintain a proper chain of command resulted in Travon's death. R. Doc. 1 at 4-5. Plaintiff claims survival damages, damages for wrongful death, negligent infliction of emotional distress, funeral expenses, and costs of mental health treatment. R. Doc. 1 at 5-6.

Defendant answers denying all allegations and arguing that the U.S. Coast Guard and its officers are improper defendants. R. Doc. 7. Defendant argues that because Plaintiff's claims are brought under the Federal Tort Claims Act ("FTCA") the United States of America is the only proper defendant. R. Doc. 7 at 5. Further, Defendant alleges multiple affirmative defenses

including: failure to state a claim upon which relief can be granted, comparative negligence bar and/or reduction, the discretionary function exception to the FTCA, prescription, and lack of subject matter jurisdiction. R. Doc. 7 at 4-5.

On October 20, 2017, the Court granted Defendant's motion to dismiss because Defendants were not the proper parties to be sued. R. Doc. 10. Plaintiffs did not respond to Defendant's motion to dismiss. On October 23, 2017, a judgment was entered in favor of Defendants and Plaintiff's complaint was dismissed without prejudice. R. Doc. 11. Plaintiff now brings this motion for reconsideration. R. Doc. 12.

## II. PRESENT MOTION

Plaintiff moves the Court to reconsider its judgment for Defendant. R. Doc. 12. Plaintiff asserts that while she can file a new complaint against the proper defendant, the United States of America, it will be more judicially efficient for the Court to reopen this case and allow Plaintiff to amend her complaint to name the United States of America. R. Doc. 12.

Defendants respond in opposition to Plaintiff's motion. R. Doc. 13. Defendant argues that Plaintiff has not suggested any grounds under which the Court should reconsider under Rule 59 or Rule 60. R. Doc. 13 at 2. Defendant argues that the Plaintiff has not alleged any errors or changes in the law. R. Doc. 13 at 2. Rather, Defendant alleges that Plaintiff merely requests to start over. R. Doc. 13 at 3. Furthermore, Defendant argues that Plaintiff cannot amend her complaint under Rule 15 because she did not timely move to amend. R. Doc. 13 at 3. Therefore, Defendant argues that Plaintiff's motion should be denied and Plaintiff may then file a lawsuit against the proper party. R. Doc. 13 at 3.

The current issue in this case is the proper procedure for amending a complaint and joining proper parties after a complaint has been filed.

## III. LAW & ANALYSIS

Under Federal Rule of Civil Procedure 59, district courts have discretion to grant or deny

motions to reconsider. Under Rule 59, there are three grounds upon which a court may grant a motion for reconsideration: 1) there has been an intervening change in the controlling law, (2) evidence not previously available became available, or (3) reconsideration is necessary to correct clear error of law or prevent manifest injustice. *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J.1993).

Under Federal Rule of Civil Procedure 60, courts may

[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Under Federal Rule of Civil Procedure 15 a party is permitted to amend their complaint prior to trial. The party may amend either "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

Here, Plaintiff has not provided any reason why the Court should reconsider other than convenience of the Plaintiff. There has been no change in the law, no new evidence, and no error of law. Furthermore, the Plaintiff did not timely request to amend his complaint during the pendency of the Defendant's motion. Rather, the Plaintiff failed to respond to the Defendant's motion to dismiss at all. While it does seem to be more efficient to allow the Plaintiff to amend the complaint than to have the Plaintiff file a new complaint, it is not appropriate to do so under

the rules. At this point, the proper course of action for Plaintiff is to file a lawsuit naming the proper party defendant.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, R. Doc. 12, is **DENIED**.

New Orleans, Louisiana, this 6th day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE